IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RYAN PYLE,<br><br>                Plaintiff,<br><br>    vs.<br><br><br>JAMES WOODS, KELVYN CULLIMORE, and COTTONWOOD HEIGHTS,<br><br>           Defendants. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:15-CV-143-TC |

In April 2013, during an investigation of theft of medications from ambulances at several fire stations, Detective James Woods of the Cottonwood Heights Police Department obtained Plaintiff Ryan Pyle's prescription drug information from the Utah Controlled Substances Database (the database). A Utah statute authorized Detective Woods' action.

Mr. Pyle filed this lawsuit claiming that Detective Woods, Cottonwood Heights Mayor Kelvyn Cullimore, and the City of Cottonwood Heights violated his rights guaranteed by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, sections of the Utah State Constitution, and the Fair Credit Reporting Act.[1] The Defendants filed a motion to dismiss all claims.

Because Mr. Pyle did not notify the Utah Attorney General, as required by Federal Rule of Civil Procedure 5.1(a)(1)(2), that he was drawing into question the constitutionality of Utah

---

[1] During briefing on Defendants' Motion to Dismiss, Mr. Pyle agreed to dismiss all federal constitutional claims except his claim of violation of his Fourth Amendment rights.

Code Section 58-37f-301(h)(1), the court dismisses without prejudice Mr. Pyle's allegation that the statute is unconstitutional.  The court grants qualified immunity to Defendants James Woods and Kelvyn Cullimore on Mr. Pyle's federal constitutional claim because the law on the constitutionality of a law enforcement officer's warrantless access to the database was not clearly established.  The court dismisses with prejudice Mr. Pyle's cause of action alleging a violation of the Fair Credit Reporting Act because, assuming the statute applies, the Defendants' actions are specifically exempted from the Act.

**FACTUAL ALLEGATIONS**

Mr. Pyle was a firefighter with the Unified Fire Department (UFD) in Salt Lake County. In April 2013, Robbie Russo, the chief of the Cottonwood Heights Police Department, contacted Detective Woods and told him that medications were missing from several ambulances in the Salt Lake valley.  Chief Russo gave Detective Woods a list of the 480 full-time fire department employees who had access to the medications.  Mr. Pyle's name was on the list.  Mayor Cullimore, who was at that time the chairman of the UFD Board of Directors, had given Chief Russo the list "for employment purposes." (Compl. ¶ 61, ECF No. 2.)  "Detective Woods used the list of names and the subsequent investigation of their prescription drugs histories to 'develop suspect leads of those who have the appearance of Opioid dependencies.'" (Id. ¶ 64.) Apparently, Detective Woods used the information from the database to get the prescription drug histories.

At the time, Section 58-37f-301 of the Utah Code permitted local law enforcement officials, like Detective Woods, to get information from the database, without a warrant, when investigating possible controlled substances violations.  See Utah Code Ann. § 58-37f-301(2)(h)

2

(2012).  In 2015, the statute was amended to add a warrant requirement.  <u>See</u> Utah Code Ann.

§ 58-37f-301(2)(k) (2015).

Detective Woods used the prescription drug information from the database to discuss

with an assistant district attorney the possibility of bringing drug charges against Mr. Pyle.[2]  The

assistant district attorney decided against filing charges.  But at the urging of Chief Russo and

Mayor Cullimore, Detective Woods presented the case to the Utah Attorney General's office

which did bring a drug charge against Mr. Pyle.[3]  That charge was later dismissed with prejudice.

## <u>ANALYSIS</u>

## <u>Standard of Review</u>

Federal Rule of Civil Procedure 12(b)(6) requires dismissal when the plaintiff has not

stated a claim for which relief can be granted.  Under the Rule 12(b)(6) standard of review, the

court must take all well-pleaded facts as true for purposes of analyzing the motion to dismiss.

<u>Khalik v. United Air Lines</u>, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting <u>Bell Atlantic Corp. v.</u>

<u>Twombly</u>, 550 U.S. 544 (2007)).  To survive a motion to dismiss, a plaintiff must plead enough

facts to state a plausible claim for relief.  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

## <u>Constitutionality of the Utah Statute</u>

Federal Rule of Civil Procedure 5.1 requires a party "drawing into question the

constitutionality of a . . . state statute" to notify the state attorney general.  Fed. R. Civ. P.

5.1(a)(2).  Although Mr. Pyle does not explicitly allege in his complaint that the Access to

Database statute, Section 58-37f-301, is unconstitutional, allegations in the complaint and his

---

[3]Mr. Pyle was not charged with theft of the medicines from the ambulances.

3

opposition to Defendants' motion leave no doubt that Mr. Pyle is questioning the

constitutionality of the statute.  For example, Mr. Pyle writes: "If Utah Code § 58-37f-201[4]

allows government agents to obtain confidential and sensitive medical records in criminal

investigations without a warrant or even reasonable suspicion of a crime then it does not comply

with the U.S. and Utah Constitutions . . . ." (Pl.'s Opp'n at 7, ECF No. 15.)

   Mr. Pyle did not notify the Utah Attorney General of this lawsuit and, consequently, the

court dismisses it without prejudice.  See Citizens for a Better Lawnside, Inc. v. Bryant, Case No.

05-4286 RBK, 2006 WL 3825145 at *8 (D.N.J. Dec. 22, 2006) (dismissing plaintiff's federal

constitutional challenge without prejudice because plaintiff did not comply with Federal Rule of

Civil Procedure 5.1).[5]

## Qualified Immunity

   "Law enforcement officers are, of course, entitled to a presumption that they are immune

from lawsuits seeking damages for conduct they undertook in the course of performing their

jobs." Kerns v. Bader, 663 F.3d 1173, 1180 (10th Cir. 2011).  To overcome this presumption, a

plaintiff must meet the heavy burden of showing both that the defendant violated one of his

constitutional rights, and that the right was clearly established at the time of the alleged violation.

Id.  A court can proceed directly to the second factor.  "The judges of the district courts and the

courts of appeals should be permitted to exercise their sound discretion in deciding which of the

two prongs of the qualified immunity analysis should be addressed first in light of the

---

   [4]Section 58-37f-301 governed access to the database in April 2013.

   [5]Although a warrant requirement has now been added to Section 58-37f-301, Rule 5.1 is
not limited to challenges to statutes currently in effect.

4

circumstances in the particular case at hand."  <u>Pearson v. Callahan</u>, 555 U.S. 223, 236 (2009).

Here, because the court cannot address the constitutional question, the court will only analyze whether the law was clearly established in 2013 that a law enforcement officer violated the Fourth Amendment when his conduct fully complied with the requirements of a state statute. The court decides that the law was not clearly established.

First, Officer Wood's action was authorized by statute.  "Reliance on a statute does not, however, make an official's conduct <i>per se</i> reasonable.  Rather, it is one factor 'which militates in favor of the conclusion that a reasonable official would find that conduct constitutional.'" <u>Roska v. Sneddon</u>, 437 F.3d 964, 971 (10th Cir. 2006) (internal citations omitted).

Second, case law weighs against Mr. Pyle's claim.  "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains."  <u>Medina v. City & County of Denver</u>, 960 F.2d 1493, 1498 (10th Cir. 1992). Mr. Pyle has not directed the court's attention to any Tenth Circuit or Supreme Court decisions that support his position.  Defendants, on the other hand, have cited numerous decisions from other jurisdictions that are contrary to Mr. Pyle's claim.  (<u>See</u> Defs.' Mot. Dismiss at 21-22, ECF No. 11).

Finally, the cases of <u>Douglas v. Dobbs</u>, 419 F.3d 1097 (10th Cir. 2005), and <u>Kerns v. Bader</u>, 663 F.3d 1173 (10th Cir. 2011), are persuasive.  In <u>Douglas</u>, the plaintiff brought a claim under 42 U.S.C. § 1983 contending that an assistant district attorney had violated his Fourth Amendment rights when the assistant district attorney approved a proposed order to be submitted to a court to authorize a search of the plaintiff's prescription records.  The Tenth Circuit

recognized that the plaintiff had a privacy interest in his prescription records.  But the court

granted the assistant district attorney qualified immunity because the question of whether a

warrant was needed for a search of prescription records was not settled.  419 F.3d at 1103.

Citing Douglas, the Tenth Circuit again noted in Kerns that "a patient has a privacy

interest in medical records held by a third party medical services provider."  663 F.3d at 1184.

But the court found that a sheriff, who had asked a hospital to send the plaintiff's medical records

to him, was entitled to qualified immunity because no clearly established law would have put the

sheriff on notice that his conduct was unconstitutional.  Id.

In light of the above, individual Defendants James Woods and Kelvyn Cullimore are

entitled to qualified immunity on Mr. Pyle's claim that they violated his rights under the Fourth

Amendment.[6]

**Fair Credit Reporting Act**

Mr. Pyle claims that the Defendants violated the Fair Credit Reporting Act, 15 U.S.C.

§ 1681 et seq., when they obtained information from the database.  Mr. Pyle alleged that it was

"foreseeable" that the prescription drug information "would be and is considered in connection

with employment matters."  (Compl. ¶ 107.)

Even assuming that the prescription drug information in the database is a consumer

report, and assuming that the agency maintaining the database, the Utah Division of Operational

and Professional Licensing, is a consumer reporting agency, the Defendants' actions are exempt

---

[6]Mayor Cullimore also advanced another defense to Mr. Pyle's Fourth Amendment claim
against him: that the law was not clearly established that giving a list of employee names to law
enforcement was a constitutional violation.  Because the court has decided the question on other
grounds, the court does not reach this issue.

under the Act under two different provisions.  The Defendants engaged in exempt "communications for employee investigations . . . to an employer in connection with an investigation of" (1) "suspected misconduct relating to employment," 15 U.S.C. § 1681a(y)(1)(B)(i), and (2) "compliance with Federal, State, or local laws and regulations, the rules of a self-regulatory organization, or any preexisting written policies of the employer," 15 U.S.C. § 1681a(y)(1)(B)(ii).  Accordingly, Mr. Pyle's Fair Credit Reporting Act cause of action fails to state a claim for which relief may be granted.

## ORDER

For the foregoing reasons, the Defendants' Motion to Dismiss (Dkt. No. 11) is GRANTED as follows:

1.     Plaintiff Ryan Pyle's claim that Utah Code Section 58-37f-301, as it existed in 2013, is unconstitutional is dismissed without prejudice because Mr. Pyle failed to comply with Federal Rule of Civil Procedure 5.1;

2.     Mr. Pyle's claims that individual Defendants James Woods and Kelvyn Cullimore violated his constitutional rights are dismissed with prejudice because both Mr. Woods and Mr. Cullimore have qualified immunity; and

3.     Mr. Pyle's Fair Credit Reporting Act claim is dismissed with prejudice.

SO ORDERED this 1st day of October, 2015.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge

7